# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CARLA TRACY, on behalf of herself individually and on behalf all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ELEKTA, INC.,<br><br>    Defendant. | Case No. 1:21-cv-02851-SDG |
| DEBORAH HARRINGTON, on behalf of herself individually and on behalf all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ELEKTA, INC.,<br><br>    Defendant. | Case No. 1:21-cv-03997-SDG |

## JOINT MOTION TO CONSOLIDATE

Pursuant to Fed. R. Civ. P. 42(a), Plaintiffs Carla Tracy and Deborah Harrington, on behalf of a putative class (hereinafter, collectively, "Plaintiffs") and Defendant Elekta, Inc. ("Elekta" or "Defendant"), move to consolidate, for all

purposes, the above-captioned matters. All parties agree to consolidate these two actions and submit that consolidation is appropriate because these actions generally concern the same allegations, facts and circumstances. The Parties represent the following:

1.

On July 16, 2021, Plaintiff Carla Tracy filed a class action complaint adverse to Defendant Elekta, Inc. *See* Case No. 1:21- CV-02851. Subsequently, one other class action complaint was filed by Deborah Harrington. *See* Case No. 1-21-CV-03997. Both actions have been assigned to the Honorable Steven D. Grimberg. Both actions seek relief from injuries allegedly suffered by Plaintiffs as a result of a "data security incident" Elekta announced in April of 2021.

2.

Fed. R. Civ. P. 42(a) states in pertinent part that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). This Rule "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Halo Wireless, Inc. v. TDS Telecomm. Corp*, Civil Action Nos. 2:11–CV–158–RWS, 1:11–CV–2749–RWS, 2012 WL 246393, at *2 (N.D. Ga. Jan. 26, 2012) (quoting *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995)).

3.

"When deciding if separate lawsuits should be consolidated into a single action, a trial court weighs several factors, including (1) the risk of prejudice in allowing the matters to proceed separately, (2) the potential for confusion of facts or legal issues, (3) the risk of inconsistent verdicts, (4) the burden on parties, witnesses, and the court, and (5) the length of time and relative expense involved in conducting a single trial or multiple trials." *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 727 F. App'x 562, 570 (11th Cir. 2018) (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). "District court judges in this circuit have been urged to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1314 (11th Cir. 2017) (citation and internal quotation marks omitted)).

4.

In this case, the complaints at issue reveal that consolidation is warranted. The questions raised in the *Tracy* Complaint (Case No. 1:21- CV-02851, at ECF No. 1) are the extent to which, and whether, Elekta is liable to Plaintiff Tracy and other purported class members as the result of a "data security incident" announced by Elekta in April 2021. Similarly, the *Harrington* Complaint raises the same questions. *See Harrington*, Case No. 1-21-CV-03997, at ECF No. 1. Both complaints generally

3

allege the same causes of action: negligence and a declaratory judgment. The *Tracy* Complaint also alleges a cause of action for negligence *per se* and the *Harrington* Complaint alleges a cause of action for intrusion upon seclusion/invasion of privacy. *Tracy*, Case No. 1:21- CV-02851, at ECF No. 1, ¶¶ 82-88; *Harrington*, Case No. 1-21-CV-03997, at ECF No. 1, ¶¶ 68-76. However, when weighing the factors identified by the Eleventh Circuit to be used when determining whether separate actions should be consolidated under Fed. R. Civ. P. 42(a), consolidation is clearly proper in this case. *See generally Blitz Telecom Consulting, LLC*, 727 F. App'x at 570.

5.

Here, due to the similar nature of the causes of action consolidation will ease the burdens placed on the parties and witnesses and will ease potential burdens placed on this Court. Also, all parties would be better served if the actions were consolidated as there would be less time and expense involved than if there are multiple class action proceedings.

6.

No responsive pleading has been filed yet in any of the cases, so consolidation would further streamline that process.

7.

For the reasons discussed above, consolidation of these matters is warranted.

Consolidating these two cases will promote the interest of judicial economy, avoid unnecessary filings and the duplicative efforts of three separate cases, and serve the objectives of Fed. R. Civ. P. 42(a). Furthermore, the parties believe that any similar lawsuit filed against Elekta, including other third-party entities, on behalf of individuals or commercial organizations impacted by Elekta's "data security incident" that are filed in this District on or after the filing of this Motion to Consolidate should also be consolidated with this case.

8.

While the parties agree that these two lawsuits should be consolidated pursuant to Fed. R. Civ. P. 42(a), nothing in this motion should or will be construed against Elekta to suggest that any of the cases should be certified as a class action pursuant to Fed. R. Civ. P. 23 or any other law or statute or construed to suggest that Elekta agrees that the allegations or claims in the lawsuits are valid.

9.

Accordingly, the parties jointly move this Court to consolidate *Tracy v. Elekta, Inc.* (Case No. 1:21- CV-02851) and *Harrington v. Elekta, Inc.* (Case No. 1-21-CV-03997) under Civil Action No 1:21-CV-02851.

10.

Counsel for Plaintiff in *Tracy v. Elekta, Inc.* (Case No. 1:21- CV-02851) and *Harrington v. Elekta, Inc.* (Case No. 1-21-CV-03997) intend to seek appointment as

interim class counsel pursuant to Fed. R. Civ. P. 23(g)(3).  Counsel for Plaintiff in *Tracy* and in *Harrington* will file a motion seeking appointment as interim class counsel within seven (7) days from the from the Court's approval of the Joint Motion to Consolidate and will file a consolidated amended complaint within thirty (30) days from the Court's approval of the Joint Motion to Consolidate.

Respectfully submitted this 19th day of November, 2021.

/s/ MaryBeth V. Gibson
MaryBeth V. Gibson
Georgia Bar No. 725843
N. Nickolas Jackson
Georgia Bar No. 841433
**THE FINLEY FIRM, P.C.**
3535 Piedmont Road
Building 14, Suite 230
Atlanta, GA 30305
Telephone: (404) 320-9979
Fax: (404) 320-9978
mgibson@thefinleyfirm.com
njackson@thefinleyfirm.com

Gary M. Klinger*
David K. Lietz*
**MASON LIETZ & KLINGER, LLP**
227 W. Monroe Street, Ste. 2100
Chicago, IL 60606
Tel: (202) 975-0477
gklinger@masonllp.com
dklietz@masonllp.com

Bryan L. Bleichner*
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South,

Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
Fax: (612) 336-2940
bbleichner@chestnutcambronne.com

Nathan D. Prosser*
**HELLMUTH & JOHNSON PLLC**
8050 West 78th Street
Edina, MN 55439
Telephone: (952) 941-4005
Fax: (952) 941-2337
nprosser@hjlawfirm.com

Terence R. Coates*
**MARKOVITS, STOCK & DEMARCO, LLC**
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
Phone: (513) 651-3700
Fax: (513) 665-0219
tcoates@msdlegal.com

*Counsel for Plaintiff Tracy*

/s/ David C. Sawyer
David C. Sawyer
Georgia Bar No. 751032
**GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP**
1700 Salesforce Tower Atlanta
950 East Paces Ferry Road
Atlanta, Georgia 30326
Tel: (404) 870-7439
dsawyer@grsmb.com

Todd S. Garber (pro hac vice forthcoming)
Andrew C. White (pro hac vice forthcoming)

7

**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, New York 10601
Tel.: (914) 298-3281
tgarber@fbfglaw.com
awhite@fbfglaw.com

Seth A. Meyer (pro hac vice forthcoming)
Alex J. Dravillas (pro hac vice forthcoming)
**KELLER LENKNER LLC**
150 N. Riverside, Suite 4270
Chicago, Illinois 60606
Tel: (312) 741-5220
sam@kellerlenkner.com
ajd@kellerlenkner.com

Mara Baltabols (pro hac vice forthcoming)
**FISH POTTER BOLAÑOS, P.C**.
200 E. 5th Ave, Suite 123
Naperville, IL 60563
Tel: (630) 364-4061
mbaltabols@fishlawfirm.com

*Counsel for Plaintiff Harrington*

*/s/ Michael A. Caplan*
Michael A. Caplan
Georgia Bar No. 601039
Cameron B. Roberts
Georgia Bar No. 599839
**CAPLAN COBB LLP**
75 14th Street NE, Suite 2750
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604

8

*mcaplan@caplancobb.com*
*croberts@caplancobb.com*

Gregory T. Parks (*pro hac vice* motion forthcoming)
Pennsylvania Bar No. 80620
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
*gregory.parks@morganlewis.com*

*Counsel for Defendant*

*\*Admitted Pro Hac Vice*

**LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14-point Times New Roman font in accordance with Local Rule 5.1(C).

Dated: November 19, 2021

/s/ MaryBeth V. Gibson
MaryBeth V. Gibson

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2021, I filed a copy of the foregoing document using the Court's ECF/CM system, which will automatically send notice of such filing to all counsel of record in this matter.

/s/ MaryBeth V. Gibson
MaryBeth V. Gibson
