# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CARLA TRACY, DARRYL BOWSKY, and DEBORAH HARRINGTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELEKTA, INC., and NORTHWESTERN MEMORIAL HEALTHCARE,<br><br>Defendants. | Judge Steven D. Grimberg<br><br>Case No. 1:21-cv-02851 |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiffs and Defendants. After reviewing Plaintiffs' unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1.      The Settlement Agreement,[1] including the proposed notice plan and forms of notice to the Class, the appointment of Plaintiffs Carla Tracy, Darryl Bowsky, and Deborah Harrington as the Class Representatives, the appointment of Class Counsel for Plaintiffs and the Class, the approval of Eisner Advisory Group, LLC ("EisnerAmper") as the Settlement Administrator, the various forms of class relief provided under the terms of the settlement and the proposed method of distribution of settlement benefits, are fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2.      The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Class and Subclass:

> **The Nationwide Class:**
>
> **All persons residing in the United States who had their Sensitive Information hosted by Elekta compromised as a result of the Data Security Incident.**
>
> **The Illinois GIPA Subclass:**
>
> **All persons residing in the State of Illinois who had Genetic Information hosted by Elekta compromised as a result of the Data Security Incident.[2]**

3.      Based on the information provided: the Class is ascertainable; it

---

[1] All capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.
[2] "Data Security Incident" shall mean the April 2021 cybersecurity incident affecting Defendant Elekta giving rise to this Action.

consists of roughly 497,780 Settlement Class Members satisfying numerosity; there are common questions of law and fact including whether Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Security Incident, satisfying commonality; the proposed Class Representatives' claims are typical in that they are members of the Class and allege they have been damaged by the same conduct as the other members of the Class; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Class; questions of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

4. The Court appoints Plaintiffs Carla Tracy, Darryl Bowsky, and Deborah Harrington as the Class Representatives.

5. The Court appoints Bryan L. Bleichner of Chestnut Cambronne PA, and Terence R. Coates of Markovits, Stock & DeMarco, LLC, as Class Counsel for the Class.

6. The Court appoints EisnerAmper as the Settlement Administrator.

7. A Final Approval Hearing shall be held before the Court on January 6, 2025 at 2:00PM for the following

purposes:

    a.    To determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and should be approved by the Court;

    b.    To determine whether to grant Final Approval, as defined in the Settlement Agreement, including conditionally certifying the proposed Class for settlement purposes only;

    c.    To determine whether the notice plan conducted was appropriate;

    d.    To determine whether the claims process under the Settlement is fair, reasonable and adequate and should be approved by the Court;

    e.    To determine whether Class Counsel's request for attorneys' fees of up to one third (1/3) of the Qualified Settlement Fund ($2,966,666.66), and request for reimbursement of reasonable costs and litigation expenses actually incurred, should be approved by the Court;

    f.    To determine whether the settlement benefits are fair, reasonable, and adequate; and,

    g.    To rule upon such other matters as the Court may deem appropriate.

8. The Court approves, as to the form and content, the Notices (including the Short Form Notice). Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Motion for Preliminary

Approval of Class Action Settlement, and finds that such notice plan meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

9. The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the notice plan, settlement administration, claims processing, and other execution of the proposed Settlement:

## SETTLEMENT TIMELINE

| Event | Date |
|---|---|
| Elekta provides CAFA Notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of this Motion |
| Elekta to provide contact information for Settlement Class Members | Within 7 days after entry of Preliminary Approval Order |
| Notice Plan commences ("Notice Date") | Within 30 days after entry of Preliminary Approval Order |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d): | 90 days after the appropriate governmental offices are served with CAFA notice |
| Postmark deadline for Requests for Exclusion (opt outs) or Objections: | 60 days after commencement of Notice Plan |
| Deadline to file Plaintiffs' Motion for Attorneys' Fees, Costs, and Expenses: | No later than 14 days prior to the Opt-Out/Objection Deadlines |
| Postmark/Filing deadline for members of the Class to file claims | 90 days after Notice Date |
| Deadline for Plaintiffs to file Motion for Final Approval | No later than 30 days prior to the Final Approval Hearing |
| Deadline for Plaintiffs to file any Response to Objections or Supplement | No later than 7 days prior to the Final Approval Hearing |

| | |
|---|---|
| to Motion for Final Approval | |
| Final Approval Hearing | No earlier than 120 days after Preliminary Approval Order; to be set by the Court |
| Elekta's Payment of the Remaining $8,700,000 into the Qualified Settlement Fund | No later than 30 days after the Effective Date |
| Payment of Attorneys' Fees and Expenses | No later than 20 days after the payment of the remaining $8,700,000. |

10. In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days after the Notice Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Class Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

11. Additionally, all requests to opt out of the proposed Settlement must be received by the Settlement Administrator no later than 60 days after the Notice Date. Any request to opt out of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "opt out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the settlement or be bound by this Agreement) to EisnerAmper. Opt-Out notices shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, EisnerAmper, or Class Counsel. Settlement Class Members who seek to Opt-Out shall receive no benefit or compensation under

this Agreement.

12. Settlement Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must be filed with the Court within 60 days of the Notice Date and include each and all of the following:

(i) the objector's full name, address, telephone number, and email address (if any);

(ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice or copy of original notice of the Security Incident);

(iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;

(iv) the identity of all counsel representing the objector;

(v) the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

(vi) a list of all Persons who will be called to testify at the Final Approval Hearing in support of the objection;

(vii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and,

(viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation.

Any Objection failing to include the requirements expressed above will be deemed to be invalid. Furthermore, any Settlement Class Member objecting to the Settlement agrees to submit to any discovery related to the Objection.

13. All Settlement Class Members shall be bound by all determinations and

judgments in this Action concerning the Settlement, including, but not limited to, the release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Class. The persons and entities who timely and validly request exclusion from the Class will be excluded from the Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval order as to Defendants in this Action.

14. Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and the Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against Defendants.

15. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Settlement Class Members, and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Class.

16. Plaintiff is **ORDERED** to post a copy of this Order on the Settlement Website as soon as practicable.

IT IS SO ORDERED this 28th day of August, 2024.

_____
Hon. Steven D. Grimberg
United States District Judge

8